### STATE v. JAMES ROBERT PIKE.

(Filed 11 May, 1966.)

**Criminal Law § 108—**

The court, in setting forth the contentions, stated, without basis in the evidence, that a State's witness had testified that he had met defendant in a prison camp. *Held:* Defendant could not have effectively controverted the misstatement without going upon the stand and, in view of the facts

of this case, the statement, even in the absence of request for correction, must be held sufficiently prejudicial to require a new trial.

MOORE, J., not sitting.

APPEAL by defendant from *McLaughlin, J.,* October, 1965 Criminal Session, GUILFORD Superior Court, Greensboro Division.

The defendant was arrested in High Point on August 18, 1965, and charged in a Municipal-County warrant with the larceny of specific articles of personal property of James Kelly of the value of $310.00. The defendant, not being represented by counsel, was bound over to the Superior Court. Upon a showing of indigency, the present counsel of record was appointed to represent the defendant. Both the defendant and his counsel waived indictment and consented that the defendant be tried on information which conformed to the charge in the warrant.

At the first trial on September 22, 1965, the jury was unable to agree on a verdict. The court ordered a mistrial. At the second trial the jury returned a verdict of guilty. From a sentence of 4 to 7 years in the State's prison, the defendant appealed, assigning errors.

*T. W. Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General for the State.*
*Robert A. Merritt for defendant appellant.*

PER CURIAM. At the trial the defendant did not testify as a witness. He did not offer evidence. The State's evidence disclosed that the owner of the stolen articles lived in a Greensboro apartment; that the defendant had lived with him for eight days prior to the time the owner missed the articles, some of which were recovered from a "loan and jewelry company" where they had been pledged for a loan. The owner of the shop at first was equivocal about the identity of the defendant as the one who pawned the stolen articles. In summing up the State's evidence, however, the court charged the jury: "The State's evidence tends to show by Mr. Kelly that on 7 August 1965, that he met the defendant in Graham, in a prison camp in Graham." The record fails to disclose any such evidence from Mr. Kelly or any other witness. The court's statement was the subject of Assignment of Error No. 5, based on Exception No. 5. The Attorney General's brief says of the challenged statement: "This may or may not be prejudicial."

True, the defendant did not request the court to correct the statement with reference to the testimony of the prosecuting witness and the defendant having met at a prison camp. Any objection on the

part of counsel, short of a denial by the defendant which would have required him to testify as a witness, would have been of doubtful value in view of the court's unjustified statement. The court committed error, probably prejudicial, by this statement. In view of the equivocal nature of the evidence and the failure of the jury to agree on a former trial, we deem the court's error in placing him in a prison camp as sufficiently prejudicial to require that he be given, and he is awarded, a

New trial.

Moore, J., not sitting.